UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHOUSANGKHY PHANTHADETH,<br><br>    Petitioner,<br><br>    v.<br><br>ERIC HOLDER,<br><br>    Respondent. | Case No.: 1:13-cv-01374-AWI-BAM (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF MANDAMUS<br><br>(ECF No. 1) |

Petitioner is proceeding pro se with a petition for writ of mandamus pursuant to 28 U.S.C. § 1361.

Petitioner filed the instant petition for writ of mandamus on August 26, 2013. Petitioner seeks an order to compel the Bureau of Prisons ("BOP") to initiate and complete deportation or removal proceedings prior to his release date.

**DISCUSSION**

**A.    Lack of Subject Matter Jurisdiction**

A writ of mandamus is a petition to a court requesting an order to compel an officer or employee of the United States to perform a duty owed to the petitioner. 28 U.S.C. § 1361; see also Deutsch v. United States, 943 F.Supp. 276, 279 (W.D.N.Y. 1996). However, mandamus is an extraordinary remedy. Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994) (citing Stang v. IRS, 788 F.2d 564, 565 (9th Cir. 1986)). A district court may issue a writ of mandamus under § 1361 "only

1

when (1) the plaintiff's claim is 'clear and certain'; (2) the defendant official's duty to act is ministerial, and 'so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." Barron, at 1374 (quoting Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986)).  As a general rule, "mandamus may not be used to impinge upon an official's legitimate use of discretion." Id. at 1376.  The only exception exists when "statutory or regulatory standards delimiting the scope or manner in which such discretion can be exercised . . . have been ignored or violated." Id. (internal quotations and citations omitted).

 Congress has mandated that the BOP, under the direction of the Attorney General, shall have charge of the management and regulation of all federal penal and correctional institutions. 18 U.S.C. § 4042(a)(1).  Congress has delegated to the BOP the authority to designate the institution of confinement.  Title 18 U.S.C. § 3621(b) provides in pertinent part as follows:

> (b) The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
>
> 1) the resources of the facility contemplated;
>
> 2) the nature and circumstances of the offense;
>
> 3) the history and characteristics of the prisoner;
>
> 4) any statement by the court that imposed sentence—
>
>  A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
>  B) recommending a type of penal or correctional facility as appropriate; and
>
> 5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designation the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status.  The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

18 U.S.C. § 3621(b).

In Reeb v. Thomas, 636 F.3d 1224 (9th Cir.2010), a federal prisoner proceeded pursuant to 28 U.S.C. § 2241 with a claim that the BOP had abused its discretion in expelling him from a residential drug abuse program (RDAP). The petitioner sought readmission into the RDAP and a twelve-month reduction in sentence upon successful completion of the program. The court held that 18 U.S.C. § 3625 precludes judicial review of discretionary, individualized RDAP determinations made by the BOP pursuant to 18 U.S.C. § 3621, which placed in the discretion of the BOP the determination of RDAP eligibility and entitlement to sentence reductions for program participation. The court based its decision on provisions of the Administrative Procedure Act (APA) that provided a cause of action for persons suffering legal wrong or adverse effect from agency action, but which further withdrew the cause of action to the extent that the pertinent statute "preclude[s] judicial review" or "the agency action is committed to agency discretion by law." Reeb, 636 F.3d at 1226; 5 U.S.C. §§ 702, 701(a). The court relied on 18 U.S.C. § 3625, which stated, in pertinent part, that the provisions of 5 U.S.C. §§ 701 through 706 "do not apply to the making of any determination, decision, or order under this subchapter." Reeb, 636 F.3d at 1226 (*quoting* 18 U.S.C. § 3625). The court explained as follows:

> There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701–706, do not apply to "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621–3624. The BOP has authority to manage inmate drug treatment programs, including RDAP, by virtue of 18 U.S.C. § 3621. To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court. The BOP's substantive decisions to remove particular inmates from the RDAP program are likewise not subject to judicial review.

Id. at 1227. The Ninth Circuit emphasized that the RDAP decisions challenged in that case were matters properly left to the BOP's discretion. Id. The court noted that although the decisions could not be reviewed for abuse of discretion, judicial review remained available for allegations that BOP action was contrary to established federal law, violated the United States Constitution, or exceeded statutory authority. Id. at 1228.

3

The present case is analogous with Reeb. Pursuant to § 3621(b), the designation Petitioner's place of confinement, i.e., whether at Petitioner's current facility or at some unspecified ICE detention facility, is a matter within the discretion of the BOP and ICE. Petitioner has no clear right to the remedies he seeks.

Title 8 U.S.C. § 1228(a)(3) provides:

> (3) Expedited proceedings
>
> (A) Notwithstanding any other provision of law, the Attorney General shall provide for the initiation and, to the extent possible, the completion of removal proceedings, and any administrative appeals thereof, in the case of any alien convicted of an aggravated felony before the alien's release from incarceration for the underlying aggravated felony.
>
> (B) Nothing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined.

8 U.S.C. § 1228(a)(3). The statute governing deportation procedures does not mandate the government to institute removal proceedings for an alien prior to the expiration of the alien's sentence in a correctional facility. See 8 U.S.C. § 1228(a)(3)(B); see also Kim Thul Ouk v. U.S. Dept. of Justice Executive for Immigration and Naturalization, No. CIV-09-1062-M, 2010 WL 98944, *3 (W.D. Okla. 2010) (finding that alien serving criminal sentence has no right to request commencement of deportation or removal proceedings); Guerra v. United States Department of Homeland Sec., No. 06-2344 (AET), 2006 WL 3486017, at *3 (D.N.J. 2006) ("[A] prisoner cannot compel the BICE, by way of habeas or mandamus petition or the Administrative Procedure Act, to initiate removal proceedings while the alien is serving his prison term."). Section 1228(a)(3)(A) expressly qualifies the direction to complete removal proceedings by providing that the Attorney General is to do so "to the extent possible."

Although § 1228(a)(1) directs that the proceedings be conducted in a manner which eliminates the need for additional detention at any processing center of the service and assures expeditious removal following the end of the alien's incarceration for the underlying federal sentence, it also provides in pertinent part as follows:

4

> Nothing in this section shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any part against the United States or its agencies or officers or any other person.

28 U.S.C. § 1228(a)(1).  The Court, therefore, concludes that, placement of an alien prisoner who has committed an aggravated felony for purposes of serving his sentence and ultimately, being subject to a final order of removal, is a matter within the discretion of the BOP, and Petitioner's claim should be dismissed for lack of subject matter jurisdiction.

### B.   Lack of Standing

The jurisdiction of this Court is limited to case and controversies.  U.S. Const. art. III, § 1.  In order for this Court to have subject matter jurisdiction, a petitioner must have standing to sue at the time the action is filed.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 569, n. 4 (1992).

As previously stated, an incarcerated alien lacks standing to seek mandamus to enforce a statutory provision such as those contained in § 1228 because all private actions, including mandamus, are abolished by the language prohibiting construction of the statute to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies, officers, or any other person.  Campos v. Immigration and Naturalization Service, 62 F.3d 311, 314 (9th Cir. 1995).  Accordingly, Petitioner lacks standing.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of mandamus be DISMISSED; and
2. The Clerk of Court be directed to terminate this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28

U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 12, 2013**            /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE